ENRIQUE LÓPEZ DELGADO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1220. Submitted November 3, 1947.—Decided December 23, 1947.

*Juan Alemañy Sosa* for appellant. The registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On February 19, 1926 the petitioner acquired an undivided half of a certain property. On August 31, 1926, he acquired the other half of said property. Both deeds were recorded. A building used as a theatre is located on this property.

In the deed of February 19, 1926, there was recited the stipulation contained in a deed of April 18, 1925, which was also recorded. This latter deed contained the following clause:

"Fourth: It is also a condition of this contract that the first floor box, No. 11, will continue being occupied as usual by the vendor, Mr. Montalvo and his family, or his successors, gratuitously, at all the shows and parties of every type that take place in the said theatre.

"It is also understood as a part of this condition that admission to the said shows will be free for the vendor and his family."

The deed of August 31, 1926, by which the petitioner acquired the second half of the property, does not mention the condition. The registrar, however, in inscribing it in 1926, recited that it had no liens except a certain mortgage and "the condition imposed as to free admission to the theatre in favor of Manuel Montalvo Colberg and family to occupy box No. 11."

On May 11, 1938, Manuel Montalvo Colberg died. On February 17, 1947 the petitioner requested the registrar to

cancel the mention made in the aforesaid inscriptions in favor of Montalvo. On August 27, 1947, the registrar denied this petition on the ground "that the right to use box No. 11 in the building of the theatre was conferred not only on the beneficiary Manuel Montalvo Colberg (now dead) and his family, but that such rights were made extensive expressly to his successors, and the latter have not waived the said right or consented to its cancellation . . . ."

The difficulty with the position of the registrar is that this was a purely personal right which the beneficiary was not entitled to record in his favor. It must therefore be cancelled in the Registry on request of the present owner. *Rullán* v. *Registrar, ante,* p. 658; 1 Morell, *Legislación Hipotecaria,* 500.

The ruling of the registrar will be reversed and he will be directed to cancel the mention made in the aforesaid inscriptions in favor of Montalvo.